# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTIANE R. EDWARDS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-13-132-FHS-SPS |

## REPORT AND RECOMMENDATION

The claimant Christiane R. Edwards requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 27, 1966, and was forty-four years old at the administrative hearing (Tr. 25). She completed the equivalent of high school in Germany, as well as two years of vocational training, and has worked as a dairy department manager (Tr. 18, 113). She alleges that she has been unable to work since June 19, 2009, due to depression; body, muscle, and joint pain; and diabetes (Tr. 108).

## Procedural History

On October 27, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Charles F. Headrick determined the claimant was not disabled in a written opinion dated October 21, 2011 (Tr. 11-19). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform less than the full range of sedentary work as defined in 20 C.F.R. § 416.967(a), *i. e.*, she could lift/carry ten pounds occasionally and less than ten pounds frequently, stand/walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday with normal breaks.

Additionally, he noted that she could only perform postural activities occasionally, except that she could never climb ladders, ropes, or scaffolds. He also found that her psychologically-based limitations had marked limitations on her abilities to understand, remember, and carry out detailed instructions and to interact appropriately with the public (Tr. 15). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work she could perform in the national and regional economies, *i. e.*, circuit board assembler (Tr. 19).

**Review**

The claimant contends that the ALJ erred by: (i) failing to properly evaluate the opinion of her treating physician, Dr. Jason Dansby; and (ii) failing to properly evaluate the opinion of her treating psychiatrist, Dr. Robert Hensley, D.O. The undersigned Magistrate Judge finds that the ALJ *did* fail to perform a proper step four analysis, and the decision of the Commissioner should therefore be reversed.

Dr. Dansby treated the claimant for diabetes mellitus type II, major depression, panic anxiety disorder, obstructive sleep apnea, obesity, chronic pain/muscle spasms, chronic fatigue, and possible fibromyalgia, and supported a psychiatric referral (Tr. 200). His treatment records include notes that the claimant struggled to lose weight and comply with the use of a CPAP machine (Tr. 200-218). He prescribed her a walking cane and back brace in November 2009 (Tr. 199). Additionally, Dr. Dansby prepared a number of letters between June 24, 200 and August 22, 2011, indicating that he had been her

treating physician since 2008, and that he had advised her against employment due to her mental and physical impairments (Tr. 196, 303, 376).

A physical consultative examination resulted in the assessments of arthritis affecting the left knee, lower back pain (probably degenerative arthritis), depression, non-insulin-dependent diabetes mellitus, and being overweight (Tr. 266). Upon examination, the claimant had a reduced range of motion associated with muscle spasms, and the examiner noted the claimant walked with a cane prescribed by Dr. Dansby (Tr. 265).

Dr. Hensley was the claimant's treating psychiatrist, and he diagnosed her with major depression and post-traumatic stress disorder. At a visit on January 4, 2009, he noted that she was "tearful and crying throughout the entire interview and went on and on . . . she was very difficult to redirect" (Tr. 292). Dr. Hensley also prepared several letters stating that she was "permanently and totally disabled due to her psychiatric condition," which included persistent panic attacks, uncontrollable crying spells, and chronic daily depression (Tr. 334, 337, 384). He completed a Medical Source Statement, indicating that she had marked limitations in (i) the ability to understand and remember detailed instructions, (ii) the ability to carry out detailed instructions, (iii) the ability to work in coordination with or proximity to others without being distracted by them, as well as the severe limitations in (i) the ability to maintain attention and concentration for extended periods; (ii) the ability to perform activities with a schedule, maintain regular attendance, and be punctual within customary tolerances; (iii) the ability to sustain an ordinary routine without special supervision; (iv) the ability to complete a normal workday and

workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (v) the ability to travel in unfamiliar places or use public transportation (Tr. 335-336). Notes from Licensed Professional Counselor Melissa Ratterree indicated that the claimant could be difficult to redirect and was often tearful and noncompliant with therapeutic efforts (Tr. 380).

Additionally, Dr. Kathleen Ward examined the claimant for mental health, noting that she had difficulty "discerning the true nature of [her] anxiety and depression," in part because her presentation suggested "dramatic exaggeration" (Tr. 260). She described the claimant as "very anxious and childlike, but" with a "dramatic quality to her presentation" (Tr. 259). Dr. Ward further stated that the claimant's prognosis might improve with ongoing specialized mental health care, and stated that access to records from her regular psychiatrist would provide insight into her presentation (Tr. 261).

The medical opinions of treating physicians such as Dr. Dansby and Dr. Hensley are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight to give it by considering the following factors: (i) the length of the treatment and frequency of examinations, (ii) the nature and extent of the treatment

relationship, (iii) the degree of relevant evidence supporting the opinion, (iv) the consistency of the opinion with the record as a whole, (v) whether the physician is a specialist, and (vi) other factors supporting or contradicting the opinion. *Watkins*, 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinion entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations and citations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

In his written opinion, the ALJ determined that the claimant's degenerative disk disease of the lumbar spine, morbid obesity, major depressive disorder, anxiety disorder, and panic attacks were severe impairments, and that her diabetes was well controlled by medication and therefore nonsevere (Tr. 13).[2] The ALJ noted that Dr. Dansby prescribed a cane and back brace, and that he noted her noncompliance with the CPAP machine as well as exercising and losing weight, but made no other mention of Dr. Dansby's records or letters (Tr. 16). Furthermore, he made no specific weight assignment to Dr. Hensley's opinion, but implicitly rejected it by finding it inconsistent with appointments that

---

[2] Although the claimant did not raise the issue on appeal, it is clear from the record that the ALJ failed to consider the combined effects of *all* the claimant's impairments (both severe and non-severe) in assessing her RFC. *See, e. g., Hill v. Astrue,* 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"). *See also McFerran v. Astrue,* 437 Fed. Appx. 634, 638 (10th Cir. 2011) ("[T]he ALJ made no findings on what, if any, work-related limitations resulted from Mr. McFerran's nonsevere mood disorder and chronic pain."). Although the Court is reversing the decision of the Commissioner on other grounds, the ALJ should perform this analysis on remand.

became less frequent and because a medical doctor assessing her physical impairment of lumbosacral spondylosis and osteoarthrosis found her mental status to be normal (Tr. 17-18, 405-406). The ALJ did not, however, take note of medical evidence that was consistent, *e. g.*, both Dr. Hensley and Dr. Ward noted the claimant had bouts of uncontrollable crying. Thus, although the ALJ acknowledged that he was required to perform a proper *analysis* of the evidence, instead he merely provided a general *recitation* of the evidence and neglected to even perform the proper analysis (Tr. 20).

The ALJ was clearly not required to give controlling weight to any opinion by Dr. Dansby to the effect that the claimant was unable to work, *see* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are disabled or unable to work does not mean that we will determine that you are disabled."), but should nevertheless have determined the proper weight to give such opinions rather than ignoring them outright. *See Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("The [ALJ] is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner."); Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *3 (July 2, 1996) ("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record."). The ALJ's implicit finding that Dr. Dansby's and Dr. Hensley's opinions were inconsistent with medical evidence might have justified the refusal to accord

controlling weight if the ALJ had specified any inconsistent evidence on which he relied, *see, e. g.*, Langley, 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins,* 350 F.3d at 1300; s*ee also Wise v. Barnhart,* 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was 'inconsistent with the credible evidence of record,' but he fails to explain what those inconsistencies are."), but even in that event the ALJ would have been required to determine the proper weight to give those opinions by applying the *Watkins* factors. *See Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927."), *quoting Watkins,* 350 F.3d at 1300. The ALJ failed to perform any of this analysis.

Much of the ALJ's support for his findings relied in large part on her failure to follow treatment for her impairments, *e. g.*, losing weight, exercising, and using her CPAP machine. In considering the impact of such failure, the ALJ must follow a four-part test: (i) whether treatment would have restored the claimant's ability to work; (ii) whether treatment was prescribed; (iii) whether treatment was refused; and (iv) whether the excuse was justified. *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987), *citing Weakley v. Heckler*, 795 F.2d 64, 66 (10th Cir. 1986), *quoting Teter v. Hecker*, 775 F.2d

1104, 1107 (10th Cir. 1985). *See also Lee v. Barnhart*, 117 Fed. Appx. 674, 681 (10th Cir. 2004) ("This analysis applies to cases in which the claimant fails to pursue medical treatment because he cannot afford it.") [unpublished opinion], *citing Thompson v. Sullivan*, 987 F.2d 1482, 1489-90 (10th Cir. 1993) (An inability to pay for recommended treatment may justify the failure to follow the treatment); *Miranda v. Barnhart*, 205 Fed. Appx. 638, 642 (10th Cir. 2005) ("'[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide.'") [unpublished opinion], *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *7; *Thomas v. Barnhart*, 147 Fed. Appx. 755, 760 (10th Cir. 2005) ("'[T]he medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered . . . To a poor person, a medicine that he cannot afford to buy does not exist.'") [unpublished opinion], *quoting Lovelace v. Bowen,* 813 F.2d 55, 59 (5th Cir. 1987). In this case, however, the ALJ failed to discuss *any* of these factors in relation to his finding that claimant was noncompliant with medical treatment.

Because the ALJ failed to properly evaluate the opinions of Dr. Dansby and Dr. Hensley in accordance with the controlling standards, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ. If such analysis results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

**Conclusion**

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of September, 2014.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**